UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:  ZANTAC (RANITIDINE)　　　　　　　　　　　　MDL NO. 2924
PRODUCTS LIABILITY　　　　　　　　　　　　　　　　20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO:**　　　　　　　　**JURY TRIAL DEMANDED**
Louisiana "Louis" Bailey;
(Plaintiff Name(s))

## SHORT-FORM COMPLAINT

The Plaintiff named below, by counsel, files this Short Form Complaint against Defendants named below. Plaintiff incorporates by reference the allegations contained in the Master Personal Injury Complaint ("MPIC") in *In re: Zantac (Ranitidine) Products Liability Litigation*, MDL No. 2924 (S.D. Fla). Plaintiff files this Short Form Complaint as permitted by Pretrial Order No. 31.

Plaintiff selects and indicates by completing where requested, the Parties and Causes of Actions specific to this case. Where certain claims require additional pleading or case specific facts and individual information, Plaintiff shall add and include them herein.

Plaintiff, by counsel, allege as follows:

**I.　PARTIES, JURISDICTION, AND VENUE**

**A. PLAINTIFF(S)**

1. Plaintiff __Louisiana "Louis" Bailey__. (Plaintiff) brings this action (check the applicable designation):

    ☒　On behalf of himself;

    ☐　In representative capacity as the _____, on behalf of the Injured party, (Injured Party's Name) _____.

2. Injured Party is currently a resident and citizen of St. Bernard Parish, Louisiana and claims damages as set forth below:

—OR—

  Decedent died on (Month, Day, Year) _____. At the time of Decedent's death, Decedent was a resident and citizen of (City, State) _____.

If any party claims loss of consortium,

  3. _____ ("Consortium Plaintiff") alleges damages for loss of consortium.

  4. At the time of the filing of this Short Form Complaint, Consortium Plaintiff is a citizen and resident of (City, State) _____.

  5. At the time the alleged injury occurred, Consortium Plaintiff resided in (City, State) _____.

**B. DEFENDANT(S)**

  6. Plaintiff(s) name(s) the following Defendants from the Master Personal Injury Complaint in this action:

   a. **Brand Manufacturers:**
    Boehringer Ingelheim Pharmaceuticals, Inc.; Sanofi US Services Inc.; Pfizer, Inc.; and GlaxoSmithKline, LLC
   b. **Generic Manufacturers:**
    Unknown
   c. **Distributors:**
    Chattem, Inc.
   d. **Retailers:**
    Unknown
   e. **Repackagers:**
    Unknown
   f. **Others Not Named in the MPIC:**
    Unknown

**C. JURISDICTION AND VENUE**

  7. Identify the Federal District Court in which Plaintiff(s) would have filed this action in the absence of Pretrial Order No. 11 (direct filing) [or, if applicable, the District Court to which their original action was removed]:

  The United States District Court for the Eastern District of Louisiana.

  8. Jurisdiction is proper upon diversity of citizenship.

## II. PRODUCT USE

  9. The Injured Party used Zantac and/or generic ranitidine: [Check all that apply]

   ☒ By prescription

   ☒ Over the counter

10. The Injured Party used Zantac and/or generic ranitidine from approximately (month/year) <u>Prior to 2004</u> to <u>2020</u>.

### III. PHYSICAL INJURY

11. As a result of the Injured Party's use of the medications specified above, he was diagnosed with the following specific type of cancer (check all that apply):

| Check all that apply | Cancer Type | Approximate Date of Diagnosis |
|---|---|---|
| ☐ | BLADDER CANCER | |
| ☐ | BRAIN CANCER | |
| ☐ | BREAST CANCER | |
| ☐ | COLORECTAL CANCER | |
| ☒ | ESOPHAGEAL/THROAT/NASAL CANCER | March 2018 |
| ☐ | INTESTINAL CANCER | |
| ☐ | KIDNEY CANCER | |
| ☐ | LIVER CANCER | |
| ☐ | LUNG CANCER | |
| ☐ | OVARIAN CANCER | |
| ☐ | PANCREATIC CANCER | |
| ☐ | PROSTATE CANCER | |
| ☐ | STOMACH CANCER | |
| ☐ | TESTICULAR CANCER | |
| ☐ | UTERINE CANCER | |
| ☐ | THYROID CANCER | |
| ☐ | OTHER CANCER: | |
| ☐ | DEATH (CAUSED BY CANCER) | |

12. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff.

### IV. CAUSES OF ACTION ASSERTED

13. The following Causes of Action asserted in the Master Personal Injury Complaint are asserted against the specified defendants in each class of Defendants enumerated therein, and the allegations with regard thereto are adopted in this Short Form Complaint by reference:

| Check if Applicable | COUNT | Cause of Action |
|---|---|---|
| ☒ | I | STRICT PRODUCTS LIABILITY – FAILURE TO WARN |
| ☒ | II | STRICT PRODUCTS LIABILITY – DESIGN DEFECT |
| ☒ | III | STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT |
| ☒ | IV | NEGLIGENCE – FAILURE TO WARN |

| | | |
|---|---|---|
| ☒ | V | NEGLIGENT PRODUCT DESIGN |
| ☒ | VI | NEGLIGENT MANUFACTURING |
| ☒ | VII | GENERAL MANUFACTURING |
| ☒ | VIII | NEGLIGENT MISREPRESENTATION |
| ☒ | IX | BREACH OF EXPRESS WARRANTIES |
| ☒ | X | BREACH OF IMPLIED WARRANTIES |
| ☐ | XI | VIOLATION OF CONSUMER PROTECTION AND DECEPTIVE TRADE PRACTICES LAWS and specify the state's statute below: |
| ☒ | XII | UNJUST ENRICHMENT |
| ☐ | XIII | LOSS OF CONSORTIUM |
| ☐ | XIV | SURVIVAL ACTION |
| ☐ | XV | WRONGFUL DEATH |
| ☒ | XVI | OTHER - **Redhibition** |
| ☐ | XVII | OTHER |

If Count XVI or Count XVII is alleged, additional facts supporting the claim(s):

<u>Redhibition: Under Louisiana law, the seller warrants the buyer against redhibitory defects, or vices, in the thing sold. La. C.C. 2520. Defendants sold and promoted Zantac and/or generic ranitidine, and Zantac and/or generic ranitidine possess a redhibitory defect because the products were not manufactured and marketed in accordance with industry standards and/or were unreasonably dangerous, as described in the Master Complaint, which renders the products useless or so inconvenient that it must be presumed that the buyer would not have brought the products had she known of the defect. Pursuant to La. C.C. 2520, Plaintiff is entitled to obtain a rescission of the sale of the products. Zantac and/or generic ranitidine alternatively possess a redhibitory defect because the products were not manufactured and marketed in accordance with industry standard and/or were unreasonably dangerous, as described in the Master Complaint, which diminishes the value of the products so that it must be presumed that a buyer would still have bought it but for a lesser price. In this instance, Plaintiff is entitled to a reduction in the purchase price of the products. As the manufacturer of the products, under Louisiana law, Defendants are deemed to know that Zantac and/or ranitidine possessed a redhibitory defect. La. C.C. art. 2545. Defendants are a bad faith seller for selling defective products with knowledge of the defects, and thus, is liable to Plaintiff for the price of the products, with interest from the purchase date, as well as reasonable expenses occasioned by the sale of the products, and attorney's fees. As a result of the redhibitory defects of Defendants' Zantac and/or ranitidine, Plaintiff has suffered damages and harm, including, but not limited to, personal injury, physical pain and suffering, mental anguish, medical expenses, surgical costs of removal of the products, loss of enjoyment of life, lost wages, fear of cancer, increased risk of cancer, and ongoing medical monitoring costs.</u>

**V.     JURY DEMAND**

14. Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff(s) has/have been damaged as a result of Defendants' actions or inactions and demand(s) judgment against Defendants on each of the above-referenced causes of action, jointly and severally to the full extent available in law or equity, as requested in the Master Personal Injury Complaint.

Date: February 26, 2021

*/s/ Claire E. Berg*
M. Palmer Lambert (#33228)
Claire E. Berg (#37029)
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER L.L.C.
2800 Entergy Centre
1100 Poydras Street
New Orleans, LA 70163
Phone: (504) 521-7643
Fax: (504) 528-9973
plambert@gainsben.com
cberg@gainsben.com

*Counsel for Plaintiff*